## Case No. 5,753.

GREEN et al. v. ALLEN.

[2 Wash. C. C. 280.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1803.

JUDGMENT—LIEN.

The lien of a judgment which bound real estate, is not lost, if after a testatum fieri facias

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

has been levied and returned, the plaintiff in the writ, ordered further proceedings to be stayed. Aliter, if personal property is levied upon, and suffered to remain in the hands of the defendant in the execution.

[Cited in Trapnall v. Richardson, Waterman & Co., 13 Ark. 543.]

Judgment was obtained by the plaintiffs, in this court, on the 10th of December, 1807. A fieri facias issued, returnable in April, 1808, which was levied on the personal and real estate of the defendant: the personal being sold, and being insufficient to discharge the debt, the real estate of the defendant, lying in Bucks county, was, upon an inquest taken by the marshal, returned to be insufficient by its rents, to pay the debt in seven years. Upon this return, a venditioni exponas issued, returnable to the present term, by virtue of which the real estate was sold, and the money is now in the hands of the marshal. In December, 1806, James M'Culloch brought a suit, and in March, 1807, obtained a judgment in an action of debt on a promissory note against the same defendant, in the court of common pleas of Philadelphia county. On the 19th of August, 1807, a testatum fieri facias issued to the sheriff of Bucks county, on this judgment, who levied it on the same land, and returned, on the 25th, that it had that day come to hand, and that further proceedings had been stayed by order of the plaintiff. No further proceedings appear to have been taken.

On a rule obtained, by Meredith, counsel for the plaintiff, to show cause why this judgment should not be satisfied, (it appearing that the sale of the land is not sufficient to satisfy both judgments,) THE COURT were of opinion, that the levy made in August under M'Culloch's execution, gave him a prior lien, which the suspension of further proceedings did not impair, so as to give a preference to the plaintiff in this motion. This is not like an execution levied on personal property, where the property is suffered to remain in the hands of the debtor. Rule discharged.